Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that the amount and validity of the claim of Gill Armstead’s legatees against *289 the estate of William Armstead deceased, were ascertained and adjudged hy the decree of the Chancery court of the 1st of June 1816. That although the said decree was reversed by the decree of this Court, pronounced on the 11th of December 1821, for formal errors, yet the mode of settling the accounts between said William Armstead and the estate of Gill Armstead was directly passed upon by the Court of appeals, and so much of the decree of the 1st June 1816, as ascertained the amount of the debt and adjudged it to be due by William Armstead’s estate, was substantially affirmed, and the Court of chancery was instructed to enter a decree according to the principles so settled by the decree of the Court of appeals; in pursuance whereof the said Chancery court did, on the 18th July 1822, enter up a decree for the amount of the debt so ascertained to be due from William Armstead’s estate to the legatees of Gill Armstead.
The Court is further of opinion, that said decrees did in effect adjudge and establish that as William Dandridge, who jntermarried with the only daughter of William Armstead, beiug best acquainted with, and having laboriously attended to the taking of the accounts, being de facto administrator of William Arm-stead, had possessed himself of the assets and credits of the estate, the payment of the debt so ascertained and established against William Armstead’s estate must ultimately fall on said Dandridge. The Court is therefore of opinion, that said decrees taken in connection with the decree of the Court of appeals of the 16th February 1836, reversing a decree of the Chancery court pronounced on the 3d of August 1829, dismissing the bill as to the representatives of Bartholomew Dandridge and William Langborne, conclusively establish against said William Dandridge and- all his representatives the indebtedness of William Armstead’s estate to the legatees of Gill Armstead; that they had a right to follow *290 the assets in William Dandridge’s hands; that a sufficiency of such assets had come to his hands, and that his representatives, who have received his assets, are accountable to said legatees for the assets so received.
And the Court, without deciding what would be the effect in all cases of a judgment against an administrator de bonis non in establishing a debt against the estate so as to conclude a former executor or administrator, and thereby subject him to a devastavit, is of opinion, that under the circumstances disclosed in this case, the decree pronounced against Bartholomew Dandridge, administrator de bonis non of William Dandridge deceased, on the 18th of July 1822, in pursuance of the decree of the Court of appeals of the 11th December 1821, substantially affirming the decree of the 1st June 1816, should be treated and held as conclusive upon the said William Langborne, the prior executor of said William Dandridge deceased, upon the question of the indebtedness of William Armstead’s estate, the right to follow his assets in the hands of William Dandridge, the receipt of sufficient assets by William Dandridge for the payment thereof, and the liability of his estate for the amount: It sufficiently appearing that said claim was controverted by said William Dandridge in his lifetime, who, according to the decree of the Court of appeals, was best acquainted with and laboriously attended to the taking of the accounts; and it furthermore appearing that after the death of said William Dandridge, the suit was regularly revived against Susanna Dorrington and David Dorrington her husband, the said Susanna having qualified as executrix of William Dandridge, and against John Bassett and William Langborne who were named as executors; that the said Dorrington and wife filed their answer making full defence, and that after the order of the County court of June 3d, 1805, treated by the Court of appeals by the decree of the 16th February 1836, as a revocation of her authority *291 as executrix, the said William Langborne qualified as executor, and thereafter filed his answer controverting the justness of the claim; that exceptions were taken to the report of the commissioners, and the case matured for a decision on the merits during his lifetime. Under such a state of facts where the claim was controverted by the party sought to be charged in his lifetime, the suit revived against his executor who made a vigorous and full defence, and the case Avas ready for a decision on the merits when he died, and the cause was revived against the administrator de bonis non, against whom the decree was pronounced, there can be no hazard of injustice to the executor in treating the decree against the administrator de bonis non, as conclusively establishing the debt against the estate, both as regards the administrator de bonis non and the previous executor ; and Langborne is properly responsible for the assets he paid over to the legatees of William Bandridge to the prejudice of Gill Armstead’s legatees who Avere creditors of the estate as ascertained and adjudged by the decrees hereinbefore referred to.
The Court is further of opinion, that as it appears said William Langborne, executor of William Bandridge, paid over to his legatees the assets, Avith full notice of said claim, and after the suit to assert and establish the same against the estate of his testator, had been duly revived against him; and as the decree establishing said claim is, under the circumstances aforesaid, conclusive as it respects him, in establishing the validity of the debt against his testator’s estate, such payment constituted a devastavit, and the liability arising from such devastavit resting on him at his death, in equity and by virtue of his official bond, created a debt which his representative was bound to discharge before making distribution of his estate; to be credited, however, by the amount of assets he retained in his hands, and Avhich were aftenvards paid over in invitum, by the *292 decree of. the Chancery court to Bartholomew Dandridge, the administrator de bonis non.
The Court is further of opinion, that as the legatees o;f sa-id Gill Armstead claimed by force of the same decrees ascertaining the rights of all, and having a common interest, are seeking satisfaction out of a common fund, it was proper to unite in one suit to get the benefit of the former decrees in their favour; and the bill filed is not liable to the objection of being multifarious.
The Court is further of opinion, that there is nothing to distinguish the case of E. A. A. Booth from that of the other claimants. She was a party in whose favour the decree of 1st of June 1816, was pronounced, which as to her right to recover, was substantially affirmed by the decree of the Court of appeals of the 11th of December 1821. And though -by the decree of the 18th of July 1822, there was an omission to enter a decree in her favour in consequence of the suggestion of her intermarriage with-Booth, yet, by the principles of that decree, purporting to be entered in conformity with the decree of the Court of appeals, her right to recover, which was a joint and common one with the other legatees, was in effect established ; and the decree for her proportion was merely suspended to bring in a formal party in whose name the same could be entered; and the suit never having abated as to her, and she having survived her husband, she stands in the same position with the other claimants, with a decree establishing their rights jointly, and entitled equally with them to carry it into effect.
And the Court is further of opinion, that as the decree of the 1st June 1816, was suspended by the appeal, and no definitive decree establishing the debt was rendered until the decree of the Chancery court of the 18th July 1822, was entered in conformity with the instructions contained in the decree of the Court of appeals of the 11th December 1821; and as the claimants *293 had no right to proceed against the representatives of William Langborne for his devastavit until their debt was established against the estate of said William Dandridge, their bill filed in February 1826, against the representative of said Langborne and the representatives and legatees of said William Dandridge, to get the benefit of said decrees, and charge the estate of said Lang-borne for his devastavit, was not barred by any statute limiting actions against fiduciaries ; nor was there any such delay as to require a Court of equity to refuse relief upon the ground of laches.
The Court is further of opinion, that as it appears that Burwell Bassett, the representative of William Langborne the elder and of William Langborne, jr., had passed over the assets of said estates before he had notice of the claim now in controversy, as he alleges in his answer, to the proper distributees and legatees of said Langbornes, it was proper to throw the burthen on the distributees and legatees instead of the personal representative; they having the fund out of which the claim should be satisfied, and which in any event, must be held as being ultimately subject to the claim sought to be enforced, unless the same can be otherwise satisfied.
The Court is further of opinion, that as it respects the security of Bartholomew Dandridge, administrator de bonis non, the cause of action arose against him from the rendition of the decree of the 18th July 1822; as it would have been competent for the claimants, upon the return of nulla bona on said decree, to have proceeded against said administrator de bonis non and his securities in his official bond for his devastavit; and no proceeding having been commenced against such securities until they were made defendants by the amended bill filed on the 14th May 1838, the act of March 8th, 1826, relied on by the security Thomas H. *294 Terrill in his answer, barred a recovery against the securities.
The Court is further of opinion, that the statement XX referred to in the decree now appealed from, correctly ascertained the sums for which the representatives of B. Dandridge’s estate, and the representatives of Langborne’s estate were respectively responsible; that all exceptions inconsistent with said special statement XX were properly overruled, and all exceptions consistent therewith properly sustained; and said statement so confirmed and constituting a part of said decree, definitively ascertains the amount for which Bartholomew Dandridge’s estate is liable, and for which a decree was properly rendered in favour of the claimants respectively, against Philemon Jones, committee and administrator of his estate ; and the same also definitively ascertains the amount for which the estate of William Langborne is ultimately responsible and may be compelled to pay eventually unless otherwise discharged.
The Court is further of opinion, that as Mrs. B. Bassett was, under the will of William Langborne, jr., a legatee for life, and it appears that before any recovery she had departed this life, and the part held by her for life was passed over to those entitled in remainder, the surviving husband having no assets of his wife, could not be held responsible on account of such life estate which had previously terminated: and the assets of William Langborne which the claimants were entitled to follow had passed into the hands of those entitled thereto in remainder j and the decree subjecting said B. Bassett, on account of said life estate, to a portion of the amount for which the estate of Langborne was responsible was erroneous.
And the Court is further of opinion, that although as a general rule a creditor of an estate is not bound to look beyond the personal representative, who is imrne *295 diately responsible to him, yet under peculiar circumstances it is proper that a Court of equity should throw the burthen upon those ultimately liable, and that more especially when by the acts and conduct of the creditor the party who might in strictness have been primarily liable, may have been misled and induced to believe he was not looked to as responsible. In this case it is manifest that the representatives of Langborne have received no part of William Dandridge’s estate, the assets of which should properly have been applied to the payment of this claim. The same have all been duly accounted for and passed over by Langborne and his representative to the legatees and administrator de bonis non of William Dandridge. On the death of Lang-borne the claimants revived their suit against the administrator de bonis non of William Dandridge, and dropped the representatives of Langborne from the cause; thus indicating an intention to look to and pursue the estate of William Dandridge. In the meantime the representative of Langborne turned over to the administrator de bonis non of William Dandridge, in obedience to a decree of Court, the assets of William Dandridge remaining in the hands of Langborne at his death; and thereafter without any notice, as he alleges in his answer, of the claim now sought to be enforced, he'proceeded to distribute the estate of Langborne in the mode disclosed by the record. The claimants, by their bill of 1826, still looking to the estate of Dandridge for satisfaction, made the legatees and representative of that estate parties; and the Court having them before it, was bound in the exercise of a sound discretion under the circumstances aforesaid, to have required the claimants to proceed in the first place against the legatees of William Dandridge, holding Langborne’s estate ultimately responsible for the sum so as aforesaid ascertained to be a proper charge against it, or for so much thereof *296 as coiild not be made by proceeding against the legatees William Dandridge ; and it was error to dismiss the bill as against the representatives and legatees of William Dandridge, or any of them, and to decree against the representatives of Langborne until such effort had been made to procure satisfaction out of the assets of William Dandridge’s estate in the hands of his representatives.
It is therefore ordered and decreed, that said decree in the particulars in which it is herein declared to be erroneous, be reversed with costs; and that the same, so far as it conforms to the principles above declared, and is not herein declared to be erroneous, be and the same is hereby affirmed. And the cause is remanded with instructions to require the plaintiffs in the Court below to revive, if necessary, against the legatees, and also the devisees, if so advised, of William Dandridge, and for all proper accounts, in order to a final decree according to the principles above declared, which is ordered to be certified.